Michael O. Stevens, OSB No. 095198
email: michael@hillsborofirm.com
1915 NE Stucki Avenue, Suite 308
Hillsboro, OR 97006
Tel: (971) 533-6178
Fax: (971) 228-2608

Attorney for Plaintiff
MICHAEL WATERLAND

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| MICHAEL WATERLAND,<br><br>Plaintiff,<br><br>v.<br><br>BANKS COURIER SERVICE, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT:**<br><br>(1) **Failure to Pay Overtime Wages, ORS §653.261 and 29 USC §§215(a)(3), 216(b))**<br>(2) **Failure to Pay Wages on Termination ORS §652.140**<br>(3) **Prohibited Conduct by Employer ORS §659A.199;**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michael Waterland ("Plaintiff"), alleges as follows:

**JURISDICTION AND VENUE**

1. This is a suit for damages in excess of $189,487 for violations of Oregon and federal laws pertaining to failure to pay overtime, failure to pay final paycheck, and whistleblower retaliation.

2. Subject matter jurisdiction is pursuant to 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(a)(1).

4. Venue is proper in this District as the alleged unlawful acts took place in Umatilla County, Oregon while Plaintiff worked in Umatilla County, Oregon.

5. Venue is proper in the Pendleton Division, as Defendant's principal place of business is located in Umatilla County. ORS §14.080(2).

## PARTIES

6. Michael Waterland ("Plaintiff"), resides in Umatilla County, Oregon.

7. Banks Courier Service, Inc., ("Defendant") is a domestic business corporation with its principal place of business in Pendleton, Umatilla County, Oregon.

8. This action arises out of events concerning Plaintiff's employment with Defendant, which occurred in Umatilla County, Oregon.

## FACTUAL BACKGROUND

9. At all material times, Defendant operated a courier service.

10. Plaintiff was employed by Defendant until in or about July 2021.

11. Plaintiff's initial hourly wage was $15.00.

12. Plaintiff was misclassified as an exempt employee by Defendant.

13. During the misclassification period Plaintiff worked an average of 8.4 hours of overtime each week, totaling 1881.6 of unpaid hours worked during the duration of employment with Defendant.

14. Plaintiff's overtime rate was $22.50 per hour, which totals $42,336 in back overtime wages.

15. Plaintiff is also owed liquidated damages, which totals $42,336.

16. At no material time did Defendant fully compensate Plaintiff for the overtime hours Plaintiff worked.

17. In or around July 1 2021, Plaintiff complained to Defendant regarding their misclassification and the lack of pay for overtime hours.

18. In or around July 1, 2021, Defendant reduced Plaintiff's hours to less than fulltime based on Plaintiff's complaint.

19. On or about February 5, 2021, Plaintiff filed a Wage Claim Notice with Oregon Bureau of Labor & Industries.

20. Due to Defendant reducing Plaintiff's hours on or about July 14, 2021, Plaintiff submitted their two weeks notices to Defendant.

21. Plaintiff's last day of employment with Defendant was on or about July 30, 2021.

22. Pursuant to ORS §652.140, Plaintiff's final paycheck, to include all unpaid amounts due to Plaintiff, were due no later than the end of July 30, 2021.

23. Pursuant to ORS §652.140, Plaintiff's final paycheck was to include all amounts owed and was due no later than the end of July 30, 2021. All amounts owed shall include all overtime Plaintiff worked and was not compensated for, and to date Defendant has failed to do so.

24. On or about November 12, 2021, and December 7, 2021, Plaintiff's counsel submitted a written demand to Defendant for the remaining amounts owed. Defendant has failed to pay any additional amounts to Plaintiff.

## CAUSES OF ACTION AGAINST DEFENDANT
## FIRST CAUSE OF ACTION
### Failure to Pay Overtime Wages, ORS §653.261 and 29 USC §§215(a)(3), 216(b))

25. The allegations of paragraphs 1-24, above, are incorporated herein by reference.

26. ORS §653.261, 29 USC §215(a)(3), and 29 USC §216(b) were in full force and effect and were binding on Defendant at all relevant times.

27. At all relevant times, Defendant was fully aware of the hours worked and the rates of pay of all of its employees. It is the responsibility of Defendant to accurately record all hours works of its employees.

28. Defendant misclassified Plaintiff as an exempt employee, resulting in nonpayment of overtime.

29. On multiple occasions, Defendant failed to properly pay Plaintiff overtime wages when Plaintiff worked more than 40 hours in a workweek. Upon information and belief, Plaintiff worked overtime on a regular basis until in or around July 2021.

30. Plaintiff worked overtime under the instruction of Defendant, therefore Defendant knew or should have known of its duty properly pay Plaintiff overtime wages. Therefore, Defendant willfully did not pay Plaintiff's overtime wages.

31. Under 29 USC §216(b), Plaintiff is thus entitled to liquidated damages equal to the amount of unpaid overtime compensation, as well as reasonable costs and attorney's fees.

## SECOND CAUSE OF ACTION

### Failure to Pay Wages on Termination ORS §652.140, et seq.

32. The allegations of paragraphs 1-31, above, are incorporated herein by reference.

33. ORS §652.140 was in full force and effect and was binding on Defendant at all relevant times.

34. The amounts owed in paragraph 14 were due on Plaintiff's final paycheck. Those amounts were then not paid pursuant to ORS §652.140 upon separation of Plaintiff from his employment with Defendant. Defendant was fully aware of the hours worked and the rates of pay of all of its employees.

35. Plaintiff is thus entitled to a penalty wage of 8 hours per day for the maximum 30 days (ORS §652.150), plus attorney's fees pursuant to ORS §652.200, as well as pre-judgment interest at nine percent per annum pursuant to ORS §82.010. The amount owed to Plaintiff is $3,600.

## THIRD CAUSE OF ACTION

### Retaliation ORS §659A.199

36. The allegations of paragraphs 1-35, above, are incorporated herein by reference.

37. Plaintiff reported in good faith evidence of unlawful conduct: Defendant's failure to properly compensate Plaintiff for overtime that Plaintiff had worked on behalf of Defendant.

38. Plaintiff's reports of such conduct were a substantial motivating factor in Defendant reducing Plaintiff's hours from fulltime hours to less than fulltime hours. Defendant therefore retaliated against an employee with regards to hours in violation of ORS §653.641(2), and has resulted in economic damages to Plaintiff of $75,000 and non-economic damages for emotional distress of $25,000.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court enter a judgment against the Defendant as follows:

A. Penalty wage of $3,600 for failure to pay wages upon termination;

B. Statutory Damages of $42,336 for failure to pay overtime;

C. Statutory Damages of $42,336 for liquidated damages;

D. Economic damages of $75,000 for retaliation;

E. Non-economic damages of $25,000 for retaliation;

F.  For an award of their reasonable attorneys' fees incurred herein pursuant to ORS §652.200 and 29 USC §216(b);

G.  Prejudgment interest pursuant to ORS §82.010;

H.  For an award of their costs and disbursements incurred herein; and

I.  For such other and further relief as the Court determines to be just and proper in under the circumstances.

Dated:   March 31, 2022                             Respectfully submitted,

                                                    By: /s/ Michael O. Stevens
                                                    Michael O. Stevens, OSB No. 095198
                                                    michael@hillsborofirm.com
                                                    Attorney for Plaintiff
                                                    Michael Waterland